IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS BROWN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.: 2:08-cv-1018-MHT |
| ) | |
| BARBOUR COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 24, 2008, Plaintiffs filed a Complaint and Motion to Proceed *In Forma Pauperis*. (Docs. #2 & 3). Plaintiffs' complaint appears to allege violations of their constitutional rights based upon an alleged search of their residence. On January 7, 2009, this matter was referred to the undersigned for action or recommendation on all pretrial matters (Doc. #4). On initial review, the Court observed that Plaintiffs' complaint suffers from fatal defects, namely the failure to state a cause of action against a legal entity subject to suit. Thus, on January 15, 2009, the Court ordered Plaintiffs to amend their complaint by January 23, 2009. (Doc. #5). The Court also instructed Plaintiffs to provide separately completed applications for *in forma pauperis* status. Finally, the Court admonished Plaintiffs that ***"failure to comply with this Order will lead the undersigned to recommend to the district judge that the Complaint be dismissed for failure to comply with this Court's Orders and abandonment of claim(s)."*** Order (Doc. #5) at 2 (emphasis in original). On January 26, 2009, after Plaintiffs failed to respond to the Court's order of January 15, 2009,

the Court ordered Plaintiffs to submit their amended complaint by February 2, 2009, or show cause why the complaint should not be dismissed for failure to comply with the orders of the Court. (Doc. #6).

Plaintiffs have not responded to the Court's orders of January 15, 2009, and January 26, 2009. Dismissal is a permissible sanction for failure to prosecute or obey the orders of the Court. *See* Fed. R. Civ. P. 41(b); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *see also Norman v. Montgomery Bd. Of Educ.*, 177 Fed. App'x 939, 941 (11th Cir. 2006) (finding no abuse of discretion in district court's dismissal of plaintiff's suit where pro se litigant failed to amend deficient complaint as ordered). This power may be exercised by the Court *sua sponte*. *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Likewise, as noted by the Court in its Order of January 15, 2009, this matter is subject to dismissal because Plaintiffs are attempting to sue only the Barbour County Sheriff's Department, an entity which, under Alabama law, lacks the capacity to be sued. *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992). Accordingly, it is the RECOMMENDATION of the undersigned United States Magistrate Judge that Plaintiffs' complaint be DISMISSED for the reasons stated above. It is further

ORDERED that Plaintiffs' Application to Proceed *In Forma Pauperis* (Doc. #2) is DENIED due to Plaintiffs' failure to comply with the Court's order that each Plaintiff complete separate *in forma pauperis* applications. It is further

ORDERED that Plaintiffs are DIRECTED to file any objections to the said Recommendation **on or before March 2, 2009**. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of February, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE